# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. PATRICK LAYNE STEFFENS, Defendant. | No. CR15-4042-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO SUPPRESS** |

_____

## I. INTRODUCTION AND BACKGROUND

On July 23, 2015, an Indictment was returned against defendant Patrick Layne Steffens, charging him with conspiring to distribute methamphetamine, within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 860(a), and distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On October 1, 2015, Steffens filed a Motion to Suppress in which he seeks to suppress statements he made to law enforcement officers, arguing that his statements were not voluntary and obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The prosecution filed a timely response to Steffens's motion.

Steffens's Motion to Suppress was referred to United States Magistrate Judge Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). On October 6, 2015, Judge Strand filed a Report and Recommendation in which he recommends Steffens's Motion to Suppress be denied as moot based on the prosecution's representations that Steffens made no incriminating statements during the interview and that it will not offer evidence of the

interview at trial, unless Steffens opens the door to such evidence. Neither the prosecution nor Steffens have filed objections to Judge Strand's Report and Recommendation.

## II.  LEGAL ANALYSIS

I review Judge Strand's Report and Recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or

2

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify Judge Strand's Report and Recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I accept Judge Strand's Report and Recommendation and order that defendant Steffens's Motion to Suppress is denied as moot.

**IT IS SO ORDERED**.

**DATED** this 26th day of October, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA